**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff-Appellee,**<br><br>        v.<br><br>**JOHN BRANDAU,**<br><br>    **Defendant-Appellant.** | 1:06-CR-00131 OWW<br><br>1:06-CR-00175 OWW<br><br>**MEMORANDUM OPINION AND ORDER RE: JURISDICTION OVER REQUEST FOR RECONSIDERATION IN THE *BRANDAU* CASE AND SETTING CROSS-MOTIONS FOR HEARING IN THE *CARR* CASE.** |
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff-Appellee,**<br><br>        v.<br><br>**CHRISTINA ANN CARR,**<br><br>    **Defendant-Appellant.** | |

    Before the court for decision is a joint motion for reconsideration filed by John Brandau and Christian A. Carr, challenging aspects of a August 10, 2006 memorandum decision and order regarding the United States District Court for the Eastern District of California's General Order 441 (GO 441), which requires full shackling of all in-custody defendants at initial appearances before magistrate judges.

    Defendant Brandau was arrested in Yosemite National Park on misdemeanor charges and made his initial appearance before the magistrate at the Yosemite courthouse. Defendant Carr self-surrendered to the United States Marshals at the Fresno courthouse and made her initial appearance before a magistrate in Fresno. Both appeared before the magistrates in shackles

pursuant to GO 441.  Defendants, through counsel, requested to be unshackled, but their requests were denied by the presiding magistrate judges, citing GO 441.

Brandau and Carr, along with a third Defendant, John Evans, 1:06-cr-00051, who made his initial appearance in Yosemite prior to the passage of GO 441, appealed the magistrates' shackling rulings to the district court.  Three sets of motions were heard by the district court on August 8, 2006.  All three defendants moved to recuse all of the Eastern District of California district judges.  (Doc. 9, Brandau's recusal motion, filed Jun. 7, 2006; *Carr* Doc. 10, filed Jun. 9, 2006; *Evans* Doc. 1, filed Jun. 14, 2006.)  Defendants Carr and Brandau also joined in a motion for injunctive relief, specifically requesting an order prohibiting the enforcement of General Order 441 while this appeal is pending.  (Doc. 14, filed Jun. 23, 2006; *Carr* Doc. 14, filed June 28, 2006.)  Finally, Brandau's appeal was deemed ripe for decision, while the other two Defendants' appeals are still pending.  (Doc. 7, filed May 26, 2006; Doc. 16, filed June 28, 2006; Doc. 26, filed July 24, 2006.)

A memorandum decision and order issued August 10, 2006, addressed all of these motions.  (*Brandau* Doc. 30.)  The joint motion for recusal was denied.  (*Id*. at 18-29.)  Brandau's appeal was granted on the ground that GO 441 was promulgated without appropriate public notice and opportunity to comment, and GO 441 was remanded to the district court for re-promulgation.  The rule was rescinded with respect to its operation in Bakersfield, Redding, and Yosemite, but was permitted to remain in force during remand for the Sacramento and Fresno courthouses.  (*Id*. at

29-43, 44.)  The motions for injunctive relief pending conclusion of the appeal were denied as moot.  (*Id*. at 43.)

On August 11, 2006, one day after the issuance of the challenged memorandum decision, Brandau filed a notice of appeal.  (*Brandau* Doc. 31.)  No notice of appeal has been filed in the *Carr* case.  The joint motion for reconsideration was filed in the *Brandau* and *Carr* cases on August 14, 2006.  (*Brandau* Doc. 32; *Carr* Doc. 29.)

A district court loses jurisdiction to consider a motion for reconsideration that is filed <u>after</u> a timely notice of appeal.  *Griggs v. Provident Consumer Discount Company*, 459 U.S. 56, 59 (1982); *United States v. Sprague*, 135 F.3d 1301, 1307 (9th Cir. 1998).  Accordingly, the district court cannot consider Brandau's motion for reconsideration, as it was filed after her timely-filed notice of appeal.  However, the motion for reconsideration will be considered in the *Carr* case, as no notice of appeal has yet been filed in that case.

The government opposes the motion for reconsideration and has "cross-moved" for reconsideration on a separate issue.  Both cross motions for reconsideration in the *Carr* case are set for hearing on September 12, 2006 at 10:00 a.m. in Courtroom 2.  Defendant Carr shall file opposition to the cross-motion on or before September 8, 2006.

**SO ORDERED**
**DATED: August 25, 2006**

                                        **/s/ Oliver W. Wanger**
                                        **OLIVER W. WANGER**
                                        **United States District Judge**

**3**